UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIO GERARO MORENO IGNACIO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-04360-DAD-SCR (HC)<br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 2, 3, 4) |

On June 8, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order requesting his immediate release from custody. (Doc. No. 2.)  On June 9, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2), which mandates detention for ninety (90) days following the entry of a final removal order. (Doc. No. 8 at 1–2.)  Respondents contend that petitioner was ordered removed on May 14, 2026 and that he waived appeal with respect to that decision. (*Id.*; Doc. No. 8-1 at 1–

1

2.) A removal order becomes administratively final upon waiver of a right to appeal that order to the Board of Immigration Appeals. *Montalvan v. Crawford*, No. 06-cv-02800-PHX-SMM, 2007 WL 162684, at *2 (D. Ariz. Jan. 18, 2007) (finding that a removal order was final immediately upon waiver of right to appeal); *see also Tek v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00126-RAJ, 2026 WL 791798, at *1–2 (W.D. Wash. Mar. 20, 2026) (finding removal order became final upon waiver of appeal). Detention for the first 90 days following entry of a final removal order is mandatory. *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003) ("Detention during the [90-day] removal period is mandatory."). Accordingly, petitioner is currently subject to mandatory detention.

Respondents do not oppose this court ruling on the merits of the underlying petition based upon the briefing currently before the court. (Doc. No. 8 at 1.) Accordingly, the court will reach the merits of the underlying petition and will deny petitioner's petition for writ of habeas corpus without prejudice to refiling once the mandatory detention period has lapsed if petitioner remains in custody past that date.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without prejudice to its refiling following the lapse of the ninety-day mandatory detention period set by 8 U.S.C. § 1231(a)(2);

2. Petitioner's pending motions for temporary restraining order (Doc. No. 2), appointment of counsel (Doc. No. 3), and *in forma pauperis* status (Doc. No. 4) are DENIED has having been rendered moot by this order; and

3. The Clerk of the Court is directed to enter judgment in favor of respondents and close this case.

IT IS SO ORDERED.

Dated:    **June 10, 2026**    _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2